SOLOMON WEINSTEIN, PLAINTIFF, v. STAR INSURANCE COMPANY OF AMERICA, DEFENDANT.

Argued October 3, 1928—Decided March 20, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Arthur T. Vanderbilt.*

*Contra, Joseph Silverstein.*

PER CURIAM.

This is the defendant's rule to show cause why plaintiff's verdict in a fire insurance case should not be set aside. The defendant has filed thirteen reasons, but four points only are argued.

The first is that the court erred in charging the jury that Michael Weinstein, the agent who issued the insurance policy, was the agent of the insurer. The court did so charge and we think rightly. The real complaint that the defendant now makes is that the court did not say that he was the agent of the company *and not of the insured* who happened to be the agent's father. But the court was not requested to add this and there was no doubt that the company had issued authority to Weinstein to act as its agent. Testimony from which it might be inferred that the son was also the agent of the father, the insured, seems no moment on this question.

The second point is that the court instructed the jury that if the intent was to issue the policy to cover the premises in question, and that the description is sufficient by eliminating 903 Sixteenth avenue, then you may say that the policy was valid. For reasons which we will give hereafter, we think this instruction was not improper.

The third point is that the court overruled motions for non-suit and the direction of the verdict, and the last point is that the verdict was against the law and the weight of the evidence.

We think that these points also are not well taken for reasons we will now state:

The policy itself was a double one containing two insuring clauses, one of $3,000 on a three-story frame building occupied as a dwelling situated at 903 Sixteenth avenue, Belmar, and another of $1,000 on a one and one-half story, shingle roof, frame building, occupied as a barn, situated in the rear on 903 Sixteenth avenue, Belmar, and it is contended by the defendant that the property was mis-described as to location.

It seems that the property, which is located generally at the corner of Sixteenth avenue and H street in Belmar is owned by Weinstein, the insured. On the corner is a store building eighteen feet front on H street and extending forty feet in depth. The evidence tended to show that next to that building was a three-story frame building (the part of which next to H street being originally designed for a store, but not used as such) and it was this three-story frame building, used as a dwelling, which plaintiff claims was one of the properties insured. Still farther back of that dwelling house was the

barn said to be covered by the $1,000 insurance. As we understand the location of the barn, while it is in the rear of the dwelling claimed to have been insured, from one direction, it is also in the rear of 903 Sixteenth avenue, and that number happens to be owned by a man named Clayton. Witnesses, however, testified that the entrance to both the barn and the insured dwelling was from Sixteenth avenue; that there was a driveway from Sixteenth avenue into both, and that access from H street to either would only be up a high set of stairs through the store, &c. It was incumbent on the defendant to show that the policy contained false descriptions, and in support of that it attempted to show that on the insurance company's maps the Clayton property was located at No. 903, and it also showed that 903 was actually on the door of that building. But there was evidence tending to show that there had been no official numbering of the properties on Sixteenth avenue, and the testimony tends to show that many properties in Belmar are unnumbered. From the corner to the Clayton house is approximately one hundred and fifty feet. Under these circumstances the decision of the Supreme Court in the case of *Martin* v. *Orient Insurance Co., 5 N. J. Mis. R.* 64, which held that (quoting 26 *C. J.* 164, § 203) "if property is otherwise sufficiently identified, or casting out what is false in the description, there is still enough left to clearly point out the place where the property is, a mis-description as to location will not avoid the policy," is binding on us here, and that there was evidence from which the jury could find, as they did, that the property here claimed to have been insured was the property of the plaintiff which was damaged by the fire, and that there was no such false description as would avoid the policy.

The rule to show cause will be discharged.